```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

MARTEN WILLIAMS & L. GEROME                CIVIL ACTION
SMITH, A.P.L.C.

VERSUS                                     NO: 11-1648

GMAC MORTGAGE CORP., ET AL.                SECTION: "A" (5)
```

### ORDER AND REASONS

Before the Court are a **Motion to Remand to State Court (Rec. Doc. 12)** filed by plaintiffs Marten Williams and L. Gerome Smith, A.P.L.C. and a **Motion for Relief From Order (Rec. Doc. 4)** filed by defendant GMAC Mortgage Corp.  Both motions are opposed.  The motions, set for hearing on August 31, 2011, are before the Court on the briefs without oral argument.

Plaintiffs filed a "Petition for Concursus Proceeding" in state court seeking to have $11,667.55 in policy proceeds deposited into the registry of the state court.  The petition alleges that plaintiff Marten Williams owned property that sustained fire damage and that Williams hired attorney Gerome Smith to represent him on the insurance claim.  Smith obtained a settlement for Williams in the amount of $11,667.55.  The insurer issued a check in that amount made payable to Williams, as well as GMAC and the U.S. Small Business Administration ("SBA").  GMAC and SBA are both lien holders on the property in question.  The

1

gist of the petition is that Williams believes that he is entitled to the policy proceeds (less Smith's fee) to the exclusion of the lien holders because he made the repairs to the property. Plaintiffs filed the state court petition praying that the check be deposited into the registry of the Court so that each parties' rights with respect to the funds could be determined. On June 24, 2011, the same day that Plaintiffs filed the petition, the state court judge signed an ex parte order that the check be deposited into the registry of the Court. (Rec. Doc. 4-2).

On July 14, 2011, GMAC removed the case to this Court alleging original jurisdiction pursuant to 28 U.S.C. § 1346(a)(2)[1] because SBA is an agency of the United States. GMAC subsequently filed a motion for relief from the ex parte order issued by the state court. Plaintiff now moves to remand the case to state court.

Plaintiffs' sole contention is that the removal was defective because GMAC did not obtain the consent of all defendants before removing the case. It is undisputed that SBA did not consent to the removal within the 30 day time period for

---

[1] The district courts shall have original jurisdiction, concurrent with the United States Court of federal claims, of any civil action or claim against the United States, not exceeding $10,000 in amount, founded upon any express or implied contract with the United States. 28 U.S.C.A. § 1346(a)(2). The Court of Federal Claims has jurisdiction if the claim exceeds $10,000. 28 U.S.C.A. § 1491(a)(1).

removal.

In opposition, GMAC contends that SBA's consent was not necessary because at the time of removal SBA was not a properly served defendant.

It is undisputed that as of August 26, 2011, and therefore by implication at the time of removal, the United States of America had not been served pursuant to Federal Rule 4(i) or otherwise.  (Rec. Doc. 20).  Of course it was the SBA and not the United States that Plaintiffs actually named in the underlying suit, and Plaintiffs point out that they served the petition on SBA at its New Orleans office pursuant to Louisiana Code of Civil Procedure 1265, which pertains to political subdivisions and similar bodies.  According to Plaintiffs, service in accordance with Louisiana law was sufficient to require GMAC to obtain SBA's consent to the removal.

The Court can find no authority to support GMAC's contention that the federal rules governing service, which are ostensibly procedural in nature, apply in the state courts.  In fact, the law in this circuit would seem to be to the contrary.  In <u>A.L.T. Corp. v. SBA</u>, 801 F.2d 1451 (5th Cir. 1986), the Fifth Circuit expressly rejected the SBA's argument that it was not bound by a judgment obtained by a plaintiff who failed to serve SBA in accordance with Rule 4.  <u>A.L.T.</u> severely undermines GMAC's position in this case.  And of course the Federal Rules

3

explicitly state that they apply to a civil action *after* it is removed from a state court. Fed. R. Civ. Pro. 81(c). The Court is persuaded that the rule of unanimity was violated in this case.

The Court also has concerns with GMAC's reliance on 28 U.S.C. § 1346(a)(2) for original jurisdiction to remove this case. Assuming *arguendo* that a non-governmental defendant (with no basis of jurisdiction of its own) has standing to remove a case in reliance on original jurisdiction under this statute, it is not clear that this case falls under that grant of original jurisdiction. Perhaps it does but that point is unclear. GMAC assumes that this case is really a contract dispute with the United States and GMAC makes that contention in large part based on its assertion that SBA lacks procedural capacity to be a defendant. But Congress has given SBA capacity to be sued through its administrator in federal or *state* court so the contention that Plaintiffs erred by not suing the United States directly is misplaced.[2] See A.L.T. Corp. v. Small Business Admin., 823 F.2d 126, 128 (5th Cir. 1987); Taylor v. Administrator of Small Business Admin., 722 F.2d 105 (5th Cir. 1983); 15 U.S.C.A. § 634(b)(1)). The Court's concerns in this

---

[2] Pursuant to 28 U.S.C. § 1442 federal agencies can remove a civil action to federal court without regard to § 1346(a)(2). But § 1442 on its face limits this removal power to the federal agency itself. Thus, the Court has no doubt that SBA will attempt to re-remove the case at some point.

area go to the issue of subject matter jurisdiction--a concern which the Court must examine sua sponte in the absence of an express challenge.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand to State Court (Rec. Doc. 12)** filed by plaintiffs Marten Williams and L. Gerome Smith, A.P.L.C. is **GRANTED** and this matter is **REMANDED** to the state court from which it was removed;

**IT IS FURTHER ORDERED** that the **Motion for Relief From Order (Rec. Doc. 4)** filed by defendant GMAC Mortgage Corp. is **DENIED AS MOOT.**

September 7, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE